UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRETT HOBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01163-JPH-TAB |
| | ) |
| WEXFORD OF INDIANA, LLC., et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Service of Process**

Plaintiff Brett Hobson, *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to his serious medical needs. Because Mr. Hobson, an inmate at Pendleton Correctional Facility ("Pendleton"), is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

Mr. Hobson names six defendants in his complaint: (1) Wexford of Indiana, LLC; (2) Major Conyers; (3) Dr. Noll; (4) Warden Dushan Zatecky; (5) D. Ingall; and (6) Ms. Childs. He seeks compensatory and punitive damages.

Mr. Hobson alleges the following in his complaint. On October 19, 2019, Mr. Hobson completed a health care request form complaining of pain from two broken teeth. On October 30, after receiving no response, he submitted a second request. He received a response from dental assistant D. Ingalls stating that Mr. Hobson had not been forgotten and that he was on a list to be escorted to the dental department. On November 25, Mr. Hobson submitted a third request and informal grievance complaining that his two broken teeth made it painful for him to eat anything. D. Ingalls again responded that he was on a list to be escorted to the dental department.

On December 19, Mr. Hobson sent a request to health service administrator Ms. Childs stating that he had sent three requests about his teeth and had been in pain for two months. Ms. Childs responded that the dentist was treating people as quickly as he could. On December 20, Mr. Hobson sent another request stating that he believed the tooth to be infected and that it was an emergency. Ms. Childs responded again that the dentist was treating people as quickly as possible. On December 23, Mr. Hobson was sent to the dental department where he was seen by D. Ingalls and Dr. Noll, who both told him that he needed to choose which tooth he wanted examined because they would only look at one tooth. Mr. Hobson explained that both teeth were causing him severe pain and that he had been unable to eat, sleep, brush his teeth, or talk because of the pain. He further explained that he had severe migraines from the toothaches. D. Ingalls and Dr. Noll again refused to look at more than one tooth. An X-ray was performed, and Dr. Noll then informed Mr. Hobson that he needed to remove a tooth due to infection. After Mr. Hobson's tooth was removed,

Dr. Noll told Mr. Hobson to put in another request for a health care form so that he could be called back to the dental department to have his other tooth examined. When Mr. Hobson asked again whether Dr. Noll would examine the other tooth at that visit, Dr. Noll again refused and stated that Wexford's policy is one tooth per request.

On January 6, 2020, Mr. Hobson submitted a fifth health care request form about the other tooth. On January, D. Ingalls responded that Mr. Hobson was be on the list and that the dental department was waiting for staff to be available to transport him. On February 6, 2020, Mr. Hobson had another dental appointment during which a second tooth was extracted.

Mr. Hobson also alleges that in his complaint that, for months, Warden Zatecky and Major Conyers were provided multiple lists from the dental department showing that Mr. Hobson needed emergency dental treatment and providing dates for his appointments, but they failed to have staff available to escort Mr. Hobson to the dental department. Mr. Hobson further alleges that Ms. Childs and Wexford created a policy requiring prisoners to submit separate healthcare request forms for each tooth knowing that there is a possibility a prisoner may need more than a single tooth examined and that they collect a $5.00 medical bill fee for each request form.

### III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The constitutional provision implicated by Mr. Hobson's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113

S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*). Negligence is not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

Because Wexford acts under color of state law by contracting to perform a government function, *i.e.*, providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc*., 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford.

Here, Mr. Hobson has adequately alleged a policy claim against Wexford of Indiana, LLC, specifically that its policy of permitting only one tooth to be examined at a time violates the Eighth Amendment.  Accordingly, Mr. Hobson's Eighth Amendment deliberate indifference claim against

Wexford of Indiana, LLC **shall proceed**.  Mr. Hobson's Eighth Amendment deliberate indifference claims against Major Conyers, Dr. Noll, Warden Zatecky, D. Ingall, and Ms. Childs also **shall proceed**.

The discussion above addresses all viable claims the Court has identified in the complaint. If Mr. Hobson believes additional claims were alleged but not identified by the Court, he shall have through **September 4, 2020**, to identify those claims.

### IV. Service of Process

The clerk is **designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to all defendants in the manner specified by Fed. R. Civ. P. 4(d).  Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 8/14/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRETT HOBSON
935709
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

Electronic service to Indiana Department of Correction employees:

    Dushan Zatecky – Pendleton Correctional Facility
    Major Conyers – Pendleton Correctional Facility
    Ms. Childs  – Pendleton Correctional Facility

Dr. Noll
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

D. Ingalls
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064